United States Court of Appeals,

Eleventh Circuit.

No. 93-8716.

UNITED STATES of America, Plaintiff-Appellee,

v.

Abraham GILBERT, Defendant-Appellant.

March 17, 1995.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:93-cr-70), Jack T. Camp, Judge.

Before HATCHETT and ANDERSON, Circuit Judges, and DYER, Senior Circuit Judge.

HATCHETT, Circuit Judge:

Abraham Gilbert, the appellant, attacks the sufficiency of the evidence supporting his convictions for failing to follow the lawful directive of a federal protective officer and for unreasonably obstructing the entrance to a federal building. Based upon our review of the record, we reverse Gilbert's conviction for failing to follow the lawful directive of a federal protective officer and affirm Gilbert's conviction for unreasonably obstructing the entrance to a federal building.

FACTS

Abraham Gilbert has for many years conducted protests in front of the federal courthouse in Atlanta, Georgia. In 1989, the government sought a civil restraining order to enjoin Gilbert from protesting and to prevent him from sleeping in front of the building. *See United States v. Gilbert,* 720 F.Supp. 1554 (N.D.Ga.1989). In that case, the district court granted summary judgment for the government. On appeal, this court partially

reversed the district court's ruling, upholding the district court's order prohibiting Gilbert from protesting or sleeping in the portico area, the area beneath the colonnade in front of the building's entrance, but allowing Gilbert to sleep in the unenclosed plaza beyond the portico area as long as it was part of his protest.

This case arises from Gilbert's protest in the restricted portico area on February 22, 1993. On that date, the courthouse building manager advised Gilbert to move his protest beyond the planters surrounding the entrances to the building and also informed Gilbert that he would have to obtain a permit to demonstrate in front of the building. When Gilbert refused to move, the building manager instructed a federal protective officer to remove Gilbert from his location.

When Gilbert resisted, the protective officer instructed Gilbert to accompany him inside the federal courthouse to fill out criminal citations. After receiving the citations, Gilbert attempted to remain in the building. When a federal protective officer instructed Gilbert to leave the building, Gilbert lay down on the floor. Consequently, two federal protective officers carried Gilbert out of the building and placed him in the portico area near the entrance and exit doors of the building. When the officers told Gilbert to move beyond the planters surrounding the building's entrance, Gilbert once again lay down on the ground. The officers then carried Gilbert beyond the planters. Gilbert returned to the portico area with a sign, continuing to protest. The protective officers arrested him.

After a bench trial, the district court found Gilbert guilty of failing to comply with the lawful direction of a federal protective officer through the act of placing his duffel bag, bedroll, and other personal belongings in the portico area of the federal courthouse after lawfully being instructed not to do so. *See* 41 C.F.R. § 101-20.304.  The district court also found Gilbert guilty of unreasonably obstructing the usual use of the entrance of the federal courthouse through the acts of lying down and shouting in front of the courthouse entrance.  *See* 41 C.F.R. § 101-20.305.

On appeal, Gilbert challenges the sufficiency of the evidence supporting his convictions.

CONTENTIONS

On appeal, the government concedes that the facts presented at trial to support the failure to comply charge differed from the specific facts charged in the criminal information;  consequently, insufficient evidence supported Gilbert's conviction for failing to comply with the lawful directive of a federal protective officer, in violation of 41 C.F.R. § 101-20.304.  We agree.  Therefore, we will only address the issue of whether sufficient evidence supports Gilbert's conviction for unreasonably obstructing the usual use of the entrance to the federal courthouse.

Essentially, Gilbert contends that he did not unreasonably obstruct the entrance to the building when he lay on the ground outside because patrons could and did enter the building through either the adjacent revolving door or several other entrances. Gilbert also contends that no evidence demonstrates that patrons were dissuaded from entering the building due to his presence.

Finally, Gilbert contends that the minimal delay he caused and his minimal obstruction when balanced against his First Amendment rights, preponderates against his conviction for obstructing the entrance to a federal building.

The government responds that Gilbert need not have obstructed every possible avenue for entering the building to be found guilty of obstructing the entrance to a federal building. The government asserts that a defendant need only delay, hinder, or impede entry into a federal building to be in violation of the federal regulation. The government also asserts that this court has already held that Gilbert may not protest on the portico area in front of the courthouse. *See United States v. Gilbert,* 920 F.2d 878, 886 (11th Cir.1991).

DISCUSSION

This court reviews the sufficiency of the evidence to determine whether the evidence viewed in the light most favorable to the government, with all reasonable inferences and credibility evaluations resolved in the government's favor, can support a reasonable fact finder's guilty verdict. *United States v. Cooper,* 873 F.2d 269, 272 (11th Cir.1989).

The indictment charged Gilbert with "unreasonably obstruct[ing] the usual use of the entrance of the [federal courthouse], by laying down and shouting loudly in front of the revolving door ... in violation of Title 41, Code of Federal Regulations, Section 101-20.305."[1] Viewed in the light most

_____

[1] Title 41 C.F.R. § 101-20.305 prohibits "any loitering, disorderly conduct, or other conduct on property ... which unreasonably obstructs the usual use of entrances...."

favorable to the government, the facts adduced at trial demonstrated that Gilbert lay down in front of a revolving door entrance to the federal courthouse. Due to his presence at that door, at least two people utilized one of the other entrances.

The government directs our attention to two First Circuit cases which bolster its position that Gilbert's conduct constituted unreasonable obstruction of the entrance. In the first case, *United States v. Bader,* 698 F.2d 553 (1st Cir.1983), several protestors sat closely together blocking the doorway to a federal draft registration room so that potential registrants had to step over the protestors to enter the room. The First Circuit court held that the protestors unreasonably obstructed the entrance even though no evidence demonstrated that anyone was dissuaded from entering the room to register. In the second case, *United States v. Sachs,* 679 F.2d 1015 (1st Cir.1982), the First Circuit held that a protestor sitting in front of an elevator swinging his arms unreasonably obstructed the entrance to the elevator even though he may not have totally obstructed the elevator's entrance.

In response, Gilbert urges this court to balance his right to protest against the minimal obstruction he may have caused people in entering the building. This argument cannot prevail, however, because in an earlier case involving Gilbert, this court held that Gilbert may not conduct a protest in the portico area in front of the federal courthouse. *See United States v. Gilbert,* 920 F.2d 878, 886 (11th Cir.1991) ("the impact of a [Gilbert's] message will not suffer if it must be conveyed in the unenclosed plaza area instead of ... on the portico").

Gilbert also argues that no evidence demonstrated that any person was obstructed from entering the building because of his presence. Although the government did not present overwhelming evidence that Gilbert's presence actually deterred persons from utilizing the entrance he lay before, we must view the evidence in the light most favorable to the government, with all reasonable inferences drawn in the government's favor. Based upon such a review, the government presented sufficient evidence to support a reasonable fact finder's determination that Gilbert deterred patrons from utilizing the entrance he lay before. Moreover, the government need not present evidence that Gilbert totally blocked the entrance or actually prevented patrons from utilizing the entrance. *See United States v. Bader,* 698 F.2d 553 (1st Cir.1983). It is sufficient if Gilbert's conduct unreasonably obstructed the path to the courthouse entrance. Gilbert's conduct in laying down before the entrance and shouting constitutes such an unreasonable obstruction.

## CONCLUSION

For the foregoing reasons, we affirm Gilbert's conviction for obstructing the entrance to the federal courthouse and reverse Gilbert's conviction for failing to follow the lawful directive of a federal protective officer.

AFFIRMED in part and REVERSED in part.